# EXHIBIT A
# Plaintiff's Complaint

Electronically Filed
9/15/2017 1:49 PM
Steven D. Grierson
CLERK OF THE COURT

COM
ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
KEITH D. WILLIAMS, ESQ.
Nevada Bar No. 10796
SGRO & ROGER
720 South Seventh Street, 3rd Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
kwilliams@sgroandroger.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DONNA CARLSON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>SAM'S WEST, INC., a Foreign Corporation doing business as SAM'S CLUB, and also doing business as SAM'S CLUB #6382; SAM'S REAL ESTATE BUSINESS TRUST; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: A-17-761578-C<br><br>Dept. No.: Department 29<br><br>**COMPLAINT** |

Plaintiff, DONNA CARLSON, by and through her attorneys of record, SGRO & ROGER, complains and alleges against Defendants, SAM'S WEST, INC., a Foreign Corporation doing business as SAM'S CLUB, and also doing business as SAM'S CLUB #6382, SAM'S REAL ESTATE BUSINESS TRUST; DOE Employee; DOES I through X; and ROE CORPORATIONS I through X as follows:

### PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff DONNA CARLSON was and is a resident of Clark County, State of Nevada, and the events as described herein occurred in Clark County,

1 | Nevada.

2. Upon information and belief, at all times relevant hereto, Defendant SAM'S WEST, INC., is an Arkansas corporation, doing business as SAM'S CLUB, and SAM'S CLUB #6382 located at 7175 Spring Mountain Road, Las Vegas in Clark County, Nevada ("SAM'S CLUB).

3. Upon information and belief, SAM'S REAL ESTATE BUSINESS TRUST, is a Business Trust, organized in the State of Nevada, and at all times relevant hereto, was the owner, lease occupier, or otherwise in control of the premises where Plaintiff sustained injuries.

4. The true names and capacities of Defendants named herein as DOE INDIVIDUALS I through X, and ROE CORPORATIONS I through X, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names.

That the true names and capacities of the Defendants named herein as DOES I through X, and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each of the Defendants designated herein, as well as the DOE or ROE CORPORATIONS is responsible for the events and happenings referred to and proximately caused damages to Plaintiff as alleged herein. Plaintiff asks for leave of the Court to amend the Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, inclusive, when the same have been ascertained, and to join such Defendants in this action.

Plaintiff is informed, believes and therefore allege that DOES I through X, were negligent and responsible in some manner for the events described herein and owed the Plaintiff a duty to maintain its premises in a reasonably safe condition, to correct dangerous conditions of which the Defendants either knew or should have known, by the use of reasonable care, and to warn the Plaintiff of any dangerous conditions which the Defendants had or should have had knowledge.

Plaintiff is informed and believe, and thereon allege that each of the Defendants designated herein as a ROE CORPORATIONS I through X, are negligently responsible in some manner for the events and happenings herein referred to, and was responsible for the design, sale, manufacture, fabrication, assemblance, inspection, sale, and distribution of the motorized shopping cart pushing machine, or any of its components, and is responsible as the cart was unreasonably dangerous and created an unreasonable risk of harm, when used as designed and intended, and that Plaintiff's injuries as hereinafter alleged were proximately caused by the acts of such Defendants, and each of them.

5. DOES I through X are employers of Defendants who may be liable for Defendants negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

Specifically, Plaintiff is informed and believes and on that basis alleges that one or more of the Defendants named herein as DOE INDIVIDUALS are employed by Defendants, or with whom Defendants, are affiliated. More specifically, Plaintiff believes that Defendants and/or one or more of the DOE INDIVIDUAL and ROE CORPORATION Defendants are liable for the damages to Plaintiff, as more fully set forth below, under one or more of the following theories: negligence, agency theory as the principal of a tortfeasor acting within the course and scope of an agency relationship; ostensible agency as the principal of a tortfeasor acting within the course and scope of an ostensible agency relationship; partnership; joint venture; contractual; respondeat superior and/or vicarious liability.

At such time that Plaintiff determines the identities of DOE INDIVIDUALS I through X, and ROE CORPORATIONS I through X, Plaintiff will ask leave of the Court to amend this Complaint to set forth the proper names of those Defendants, as well as assert appropriate charging allegations.

6. Defendant, SAM'S CLUB is a retail store located at 7175 Spring Mountain Road, Las Vegas, Nevada, and at the time mentioned herein, Defendant held out an invitation to the public, including the Plaintiff, to visit and come upon said premises.

7. That on or about October 28, 2015, Plaintiff was upon the premises of Defendant, and was at all times behaving in a peaceful and lawful manner, when Plaintiff was struck from behind by a long line of shopping carts which were being pushed forward by a motorized shopping cart system. The subject line of carts was being operated by an employee of Defendant, (DOE Employee) who, while in the course and scope of his employment, was recklessly operating a motorized cart retrieval machine.

8. That in doing the acts herein alleged, said employee and others, whose names are as yet unknown as Defendants' agents, servants, and employees was acting in the course and scope of his employment with the Defendants and in furtherance of the Defendants' businesses.

## FIRST CAUSE OF ACTION

(Negligence)

9. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

10. Defendants owed a duty to exercise reasonable care for the safety of their customers, including the Plaintiff.

11. The conduct of Defendants, including DOE Employees, as herein alleged, was careless, negligent, and reckless in that said employee failed to keep a proper lookout for customers on the premises, failed to keep the long line of shopping carts under control, failed to maintain a safe distance between the shopping carts and the Plaintiff, and was inattentive to his surroundings, and otherwise failed to exercise ordinary care in the movement of the carts.

12. As a direct, proximate, and natural consequence of the Defendants', including DOE Employee's careless, negligent, and reckless conduct as alleged herein, Plaintiff, experienced severe emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, physical injury, loss of income and earning capacity, incurred excessive medical bills, and was subjected to multiple unnecessary surgeries, all to her detriment and damage in an amount in excess of $15,000.00.

13. As a result of Defendants' negligence, Plaintiff incurred damages for pain, suffering, all in an amount in excess of $15,000.00.

14. Plaintiff has been forced to retain legal counsel to prosecute these claims, and is therefore entitled to an award of reasonable attorneys' fees and costs associated with this matter.

## SECOND CAUSE OF ACTION

### (Negligence/Premises Liability)

15. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

16. Upon information and belief, Defendants and their employees knew or should have known about the dangerous condition, which caused the injuries to Plaintiff, yet continued to let this condition exist, causing an unreasonable threat to the safety of those on their property, including Plaintiff.

17. Defendants, and each of them, had a duty to supervise and maintain said premises in a reasonably safe and suitable condition for their patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous conditions on or around said premises.

18. Defendants, and each of them, breached their duty to Plaintiff in one or more of the following respects, but not limited to:

   a. Failure to exercise reasonable care in performing shopping cart retrieval/ maintenance of the premises.

   b. Failure to warn guests of dangerous conditions on the premises.

   c. Failure to inspect for dangerous conditions on the premises.

   d. Failure to cure dangerous conditions on the premises.

   e. Failure to follow safety protocol.

   f. Failing to provide adequate safeguards in place to prevent accidents from occurring.

19. Defendants, and each of them, known and unknown, breached these duties, directly and proximately causing Plaintiff's injuries.

///

20. Defendants, despite having actual notice or constructive notice, upon a reasonable inspection of its premises, that a dangerous condition existed; failed to cure the same, enact proper safeguards, or warn of same to prevent serious bodily injury to Plaintiff, all in breach of their duty of due care herein.

21. As a result of Defendants' negligence, Plaintiff incurred damages for pain, suffering, all in an amount in excess of $15,000.00.

22. Plaintiff has been forced to retain legal counsel to prosecute these claims, and is therefore entitled to an award of reasonable attorneys' fees and costs associated with this matter.

### THIRD CAUSE OF ACTION
### (Vicarious Liability)

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

24. Defendants, including, DOE Employee, were acting within the course and scope of employment with Defendant, SAM'S CLUB, when the subject accident occurred, thereby making Defendant SAM'S CLUB, vicariously and legally responsible for the negligent acts of their employees under the doctrine of *Respondeat Superior*.

25. As a direct, proximate, and natural consequence of the Defendants' careless, negligent and reckless conduct as alleged herein, Plaintiff, experienced severe emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, physical injury, loss of income and earning capacity, incurred excessive medical bills, and was subjected to multiple unnecessary surgeries, all to her detriment and damage in an amount in excess of $15,000.00.

26. As a result of Defendants' negligence, Plaintiff incurred damages for pain, suffering, all in an amount in excess of $15,000.00.

27. Plaintiff has been forced to retain legal counsel to prosecute these claims, and is therefore entitled to an award of reasonable attorneys' fees and costs associated with this matter.

///
///
///
///

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Training and Supervision)

28. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

29. Plaintiff, Donna Carlson, was an invitee and patron at SAM'S CLUB, and was lawfully on the premises.

30. Plaintiff, Donna Carlson, was the subject of a negligent and violent accident, and suffered injuries while on the premises of SAM'S CLUB.

31. Defendants' breached the duty to maintain the premises in a reasonably safe condition suitable for business invitees, and further breached their duty to properly hire, train, and supervise their employees in the safe movement of shopping carts in and around the business customers, and failed to instruct their employees to limit the number of carts being moved, and failed to supervise their employees by allowing them to move the carts in a dangerous, uncontrollable manner.

32. Defendants failed to adopt and implement appropriate policies, procedures and training necessary to maintain a reasonably safe premises, and which otherwise would have prevented the subject accident as alleged herein.

33. As a direct, proximate, and natural consequence of the Defendants' careless, negligent and reckless conduct as alleged herein, Plaintiff, experienced severe emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, physical injury, loss of income and earning capacity, incurred excessive medical bills, and was subjected to multiple unnecessary surgeries, all to her detriment and damage in an amount in excess of $15,000.00.

34. As a result of Defendants' negligence, Plaintiff incurred damages for pain, suffering, all in an amount in excess of $15,000.00.

35. Plaintiff has been forced to retain legal counsel to prosecute these claims, and is therefore entitled to an award of reasonable attorneys' fees and costs associated with this matter.

///
///
///

## FIFTH CAUSE OF ACTION

(Punitive Damages)

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37. Based upon information and belief, Defendants acted with malice, fraud, oppression and/or with a conscious and reckless disregard for the safety of others, including Plaintiff, by failing to correct, design, manufacture, use, inspect, distribute, or by failing to properly train, supervise, or warn of the dangerous conditions associated with the motorized shopping cart pushing machine, and any of its components, and the unreasonably dangerous risk associated with the operation of the motorized shopping cart pushing machine.

38. Upon information and belief, Defendants, and their officers, directors, and managing agents, knew at all times before October 28, 2015, that the motorized shopping cart pushing machine and its components were defective and/or unreasonably dangerous for their intended purpose and/or foreseeable use by its employees or other members of the public, because other persons have been injured and/or killed, or have been exposed to injuries or death by said product, or similarly designed products, in circumstances similar to those which occurred to Plaintiff.

39. Upon information and belief, Defendants, and their officers, directors, and managing agents, knew at all times before October 28, 2015, that its employees were unfit to handle the motorized shopping cart pushing machine, and its components, and nonetheless, authorized its employees to operate it.

40. Upon information and belief, Defendants, and their officers, directors, and managing agents, knew at all times before October 28, 2015, about issues with the motorized shopping cart pushing machine because of the following lawsuits:

- Patricia Dowd v. Sam's West, Inc. et. al.
  A-16-729932-C

- Susan G. Harper v. Sam's West, Inc. et. al.
  A-15-714625-C

///

- <u>Pamela Harrington v. Sam's West, Inc. et. al.</u>
  A-10-610015-C

- <u>Estate of Jean Fenton, et. al. v. Sam's West, Inc. et. al.</u>
  07A544141

- <u>Heather Rodrigues, et. al. v. Sam's West, Inc. et. al.</u>
  07A544141

41. Despite said knowledge on the part of the Defendants, and their officers, directors, and managing agents, as alleged above, Defendants, with a conscious disregard for the rights, and safety of Plaintiff, and other members of the public, continued to use the motorized shopping cart machine, failed to implement policies, procedures, training, supervision, warnings, or to take other corrective measures to warn, alert or advise, or reduce the risk of harm to others. Defendants, despite said knowledge as alleged above, continued to use the motorized shopping cart pushing machine knowing of the dangers associated with the use of the machine.

42. Defendants acted in the manner described above and/or failed to take actions mentioned above, for reasons of economic gain, and to save money and increase their business profits. If Defendants had taken actions to improve and/or make the motorized shopping cart pushing machine and its components safe, said acts would have cost them money.

43. As a direct, proximate, and consequence of the Defendants' acts and conduct as alleged herein, Defendants are liable for exemplary and punitive damages.

44. Plaintiff has been forced to retain legal counsel to prosecute these claims, and is therefore entitled to an award of reasonable attorneys' fees and costs associated with this matter.

**WHEREFORE**, the Plaintiff reserving her right individually or through her representatives, to amend his Complaint prior to, or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against said Defendants, and each of them as follows:

///

///

1) For General and Special Damages in a sum in excess of $15,000.00;

2) For Punitive Damages in a sum in excess of $15,000.00;

3) For Attorneys' fees and costs of suit incurred herein;

4) For interest at the statutory rate; and

5) For such other and further relief as the Court may deem just and equitable in the matter.

Dated this 15 day of September, 2017.

SGRO & ROGER

ANTHONY P. SGRO, ESQ.
Nevada State Bar No. 3811
KEITH D. WILLIAMS, ESQ.
Nevada State Bar No. 10796
720 S. Seventh Street, 3rd Floor
Las Vegas, NV 89101
(702) 384-9800
tsgro@sgroandroger.com
kwilliams@sgroandroger.com
*Attorneys for Plaintiff*