UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| DONNA CARLSON, | Case No. 2:17-cv-02882-MMD-GWF |
|---|---|
| Plaintiff, | |
| v. | **Re: Motion for Protective Order (ECF No. 25)** |
| SAM'S WEST, INC., et al., | |
| Defendants. | |

This matter is before the Court on Defendant's Motion for Protective Order (ECF No. 25), filed on May 18, 2018. Plaintiff filed her Opposition (ECF No. 34) on June 14, 2018 and Defendant filed its Reply (ECF No. 35) on June 26, 2018. The Court conducted a hearing in this matter on July 5, 2018.

## **BACKGROUND**

Plaintiff alleges that on October 28, 2015, she was a customer at a Sam's Club Store in Las Vegas Nevada when she was struck from behind by a long line of shopping carts which were being pushed forward by a motorized cart retrieval machine. She alleges that Defendant's employee recklessly operated the machine and also failed to keep a proper lookout for customers on the premises, failed to keep the long line of shopping carts under control, failed to maintain a safe distance between the shopping carts, and was inattentive to his surroundings. *Complaint* (ECF No. 1), at ¶¶ 6-7, 11. Plaintiff alleges that Defendant failed to properly train and supervise its employees in the safe movement of shopping carts in and around the business customers, failed to instruct the employees to limit the number of carts being moved, and failed to supervise

1

the employees by allowing them to move the carts in a dangerous, uncontrollable manner. *Id.* at ¶ 31. Plaintiff alleges that Defendant acted with a conscious and reckless disregard for the safety of others by failing to properly train or supervise its employees or warn of the dangerous conditions associated with the motorized shopping cart pushing machine. *Id.* at ¶ 37.

There is a factual dispute whether a motorized cart retrieval machine was actually involved in the accident. Defendant's employee, Tommy Tu, wrote a witness statement in which he stated: "The lady stood in front a row of carts as I pushed the carts into the garage. The carts slide down a slight hill as you push them in so it slid down and hit her from behind." *Motion for Protective Order* (ECF NO. 25), *Exhibit A*. Another employee stated that "Tommy was bringing in a row of carts and a lady was standing in front of the row. When the row came in it accidentally hit the lady gently." *Id., Exhibit A*. According to Defendant's counsel, "Mr. Tu denied using a cart pusher at the time of the incident, stating he was pushing the row in manually." *Motion* (ECF No.25), Declaration of Defendant's Counsel, ¶ 7. Mr. Tu has since been deposed and has reportedly testified that he disengaged the carts from the machine and manually pushed them into the garage.

Plaintiff served interrogatories on Defendant which asked it to describe with specificity any previous or subsequent incidents which occurred in substantially the same manner as the incident complained of in this lawsuit, which also occurred in the common areas of Las Vegas, Nevada. The interrogatory requested a description of the complaints received and/or lawsuits filed, the date and time such complaints were received and a description of how the injuries occurred. *Motion* (ECF No. 25), *Exhibit B*, Interrogatory No. 9. Plaintiff served a substantially similar interrogatory for information about incidents involving the same type of shopping cart machine allegedly involved in Plaintiff's accident. *Id.*, Interrogatory No. 10. Defendant objected to these interrogatories and the parties subsequently reached an agreement that

2

Defendant would produce a "claims run" document containing certain basic information regarding incidents involving persons struck by equipment, including shopping carts, in Las Vegas, Nevada over a five-year period. The "claims run" produced by Defendant contains information about 12 other incidents, some of which involved shopping carts, but Defendant does not specify how many. *Motion* (ECF No. 25), at 2.

Plaintiff noticed the deposition of Defendant pursuant to Fed.R.Civ.P. 30(b)(6) on a number of topics. *Motion* (ECF No. 25), *Exhibit C*, Deposition Notice. Defendant seeks a protective order to preclude testimony on topics 5 and 6 which require Defendant to testify about the facts and circumstances of the 12 incidents identified in the "claims run" and the training and supervision of the employees involved in those incidents. Defendant argues that evidence regarding the other incidents is irrelevant and that it would be unduly burdensome *per se* to require Defendant to prepare and provide testimony on these topics. Plaintiff argues that the topics are relevant to its claims for negligent training and supervision, and for punitive damages in relation to Defendant's alleged failure to properly train and supervise its employees.

**DISCUSSION**

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that the court may, for good cause, issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense. The burden of persuasion is on the party seeking the protective order. *U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D.Nev. 2006). The movant must demonstrate a particular need for the protection sought, and must point to specific facts that support the request. A mere showing that discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c). *Id.*

Defendant argues that it is entitled to a protective order regarding deposition topics 5 and 6 because evidence of prior incidents is inadmissible in cases involving temporary hazards.

3

Defendant relies on *Eldorado v. Graff*, 78 Nev. 507, 377 P.2d 174, (1962) in which the plaintiff slipped on a lettuce leaf on a ramp. At trial, plaintiff was allowed to present testimony by a witness who slipped on foreign substances on the ramp on two prior occasions to prove that defendant was on notice of the alleged hazard. In holding that this evidence should not have been admitted, the Nevada Supreme Court stated "that where a slip and fall is caused by the temporary presence of debris or foreign substance on a surface, which is not shown to be continuing, it is error to receive 'notice evidence' of the type here involved for the purpose of establishing the defendant's duty." *Id.*, 377 P.2d at 176. Defendant also relies on decisions in this district which have denied discovery regarding other slip and fall accidents caused by a foreign substance or other temporary condition. *Caballero v. Bodega Latina Corp.*, 2017 WL 3174931 (D.Nev. July 25, 2017) (plaintiff slipped on a wet substance in produce department of supermarket); *Smith v. Wal-Mart Stores, Inc.*, 2014 WL 2770691 (D.Nev. June 17, 2014) (plaintiff slipped on a piece of wet produce near the checkout registers); *Winfield v. Wal-Mart Stores*, 2017 WL 3476243, *4 (D. Nev. Aug. 10, 2017) (plaintiff was not permitted to introduce evidence of prior accidents allegedly caused by wet substances on the floor. The court had earlier denied discovery regarding other prior incidents); and *Smith v. Wal-Mart Stores, Inc.*, Case. No. 2:11-cv-1520-MMD-RJJ, *Order* (ECF No. 39) (plaintiff slipped on a liquid substance on floor).[1]

This case does not involve a slip and fall on a foreign substance or other temporary condition. Nor is notice at issue. The accident was allegedly caused by the negligence or

---

[1] Since *Eldorado*, Nevada's common law regarding a defendant's liability for the presence of a foreign substance on its premises has been partially modified. In *Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 849 P.2d 320, 322-323 (1993), the Nevada Supreme Court applied the "mode of operation" rule in holding that the operator of a self-service supermarket could be held liable for a slip and fall accident in its produce department where vegetables were frequently dropped by customers and where frequent inspections of the floor could not prevent slip and fall accidents. In a case where the mode of operation rule applies, evidence regarding other slip and fall accidents in the same area may be admissible to proving the existence of an ongoing dangerous condition.

4

recklessness of Defendant's employee who pushed a row of shopping carts that struck the Plaintiff.  Plaintiff seeks discovery regarding other allegedly similar instances to prove that Defendant failed to properly train or supervise its employees in handling shopping carts.  An employer has a duty to use reasonable care in the training, supervision and retention of its employees to make sure that they are fit for their positions.  *Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94, 99 (1996).  The plaintiff in *Hall* sued to recover damages for injuries he sustained when defendant's security guard hit him in the jaw.  At trial, plaintiff was precluded from questioning the defendant security officer about five other fights he had been in.  The court held that the order barring such evidence was "manifestly wrong" because "it was certainly relevant on the issue of negligent training, supervision and retention."  *Id.*

Defendant has not argued or shown that the facts and circumstances regarding the 12 incidents identified in the "claims run" are irrelevant to the issue of whether it has properly trained or supervised its employees in the safe handling of shopping carts.  There may be issues concerning the information that Plaintiff seeks regarding the 12 incidents and what information the Defendant's designee should be prepared to testify about in regard to the incidents.  If so, the parties are advised to meet and confer to clarify the information to be provided by Defendant.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order (ECF No. 25) is **denied**.

DATED this 19th day of July, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

5