UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONNA CARLSON,<br><br>                       Plaintiff,<br>    v.<br>SAM'S WEST, INC., et al.,<br><br>                       Defendants. | Case No.: 2:17-cv-02882-MMD-GWF<br><br>**ORDER**<br><br>**Re: Motion for Sanctions (ECF No. 38)** |

This matter is before the Court on Plaintiff's Motion for Sanctions Including Attorney's Fees and Costs and Request for Additional Deposition (ECF No. 38), filed on July 5, 2018. Defendants filed their Opposition (ECF No. 42) on July 19, 2018, and Plaintiff filed her Reply (ECF No. 45) on July 26, 2018. The Court conducted a hearing in this matter on August 17, 2018.

**BACKGROUND**

Plaintiff was a customer at a Sam's Club Store in Las Vegas Nevada on October 28, 2015 when she was struck from behind by a long line of shopping carts that were being pushed by a Sam's Club employee. There is a dispute whether the employee, Tommy Tu, was using a motorized cart retrieval machine at the time the shopping cart or carts struck Plaintiff. Mr. Tu reportedly testified that he disengaged the carts from the machine before pushing them into the "garage" or vestibule area where customers obtain shopping carts. While there is no dispute that Plaintiff was struck by a shopping cart, there is a dispute as to how fast the shopping cart(s) was moving and the force of the impact with Plaintiff. Plaintiff alleges claims for negligence,

1

negligence/premises liability, vicarious liability, and negligent hiring, training and supervision. She also seeks recovery of punitive damages against Defendants on the grounds that they acted with a conscious and reckless disregard for the safety of others. *Complaint* (ECF No. 1-1). Defendants, have denied all allegations of negligence or recklessness, including denying that Defendant's employees were acting in the scope of their employment at the time of the accident. Defendants also assert as an affirmative defense that Plaintiff was contributorily or comparatively negligent. *Answer* (ECF No. 1-3).

Plaintiff noticed the deposition of Defendants pursuant to Fed.R.Civ.P. 30(b)(6) on the following topics:

1. "Store #6832's maintenance policies and procedures pertaining to employees' handling of shopping carts" as designated in Defendant's Amended FRCP 26.1 disclosures;

2. The accident involving Plaintiff occurring on or about October 28, 2015;

3. The training and supervision of #6832's former employees Felisha Fikes and Tommy Tu as identified in Defendants' FRCP 26.1 disclosures;

4. The training and supervision of #6832's employees who were hired to operate machinery relating to the transport of shopping carts from the parking lot back to #6832;

5. The facts and circumstances of accident claims involving Store #6832's equipment [identified in a claims run previously produced by Defendants]; and

6. The training and supervision of #6832's employees involved in the above referenced incidents.

Defendants objected to topics 5 and 6 as irrelevant and filed a motion for protective order to preclude examination on those topics. *See Motion* (ECF No. 25), filed on May 18, 2018. The court denied Defendants' motion for protective order on July 19, 2018. *Order* (ECF No. 43). The parties are in the process of scheduling the Rule 30(b)(6) deposition on topics 5 and 6. Plaintiff argues that Defendant should be sanctioned for the deponent's refusal to answer questions relating to these topics during the deposition on May 22, 2018 because no order

2

staying the deposition on those topics had been entered by the court. Plaintiff also seeks sanctions against Defendants in regard to the other topics because the witness was not adequately prepared to testify on those topics and was unable to answer numerous questions relating thereto. Plaintiff requests that Defendants be ordered to produce a properly prepared designee to answer questions relating to topics 1-4 and that attorney fees and costs be awarded with respect to the taking of the depositions and the motion for sanctions.

## **DISCUSSION**

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that a party may name as the deponent a public or private corporation, or other organization, and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more persons to testify on its behalf and may set out the matters on which each person designated will testify. The persons designated must testify about information known or reasonably available to the organization. Published decisions in this district and elsewhere set forth in great detail the rules and principles governing Rule 30(b)(6) depositions. *See Great American Ins. Co. of N.Y. v. Vegas Const.*, 251 F.R.D. 534, 538-540, (D.Nev. 2008); *Louisiana Pacific v. Money Market 1 Inst'l Inv.*, 285 F.R.D. 481, 486-488 (N.D.Cal. 2012); and *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 687-691 (S.D.Fla. 2012) (listing 39 "commandments" governing Rule 30(b)(6) depositions). The Court will not repeat all those rules and principles here, but will focus on those that are applicable to the dispute concerning the deposition in this case.

As stated in *Great American Ins. Co. of N.Y. v. Vegas Const.*, 251 F.R.D at 538-539, a Rule 30(b)(6) designee presents the corporation's position on the noticed topics, and the corporation has a duty to provide a witness who is knowledgeable on the topics in order to provide binding answers on behalf of the corporation. The witness is not required to have

personal knowledge of the designated subject matter, but he must be adequately prepared to testify knowledgeably on the matters for which he has been designated as the witness. Adequate preparation may include reviewing prior fact witness deposition testimony as well as documents and deposition exhibits. *Louisiana Pacific v. Money Market 1 Inst'l Inv.*, 285 F.R.D. at 486. It can also include contacting and interviewing former employees with relevant knowledge if they are reasonably available. *Great American Ins. Co. of N.Y. v. Vegas Const.*, 251 F.R.D. at 539.

Rule 30(b)(6) requires the noticing party to "describe with reasonable particularity the matters for examination." This court has not found a case that defines "reasonable particularity" under Rule 30(b)(6). Courts, however, have defined the term as used in Rule 34(b)(1) which states that a request for production "must describe with reasonable particularity each item or category of items to be inspected." Whether a request for production is stated with reasonably particularity depends on the facts and circumstances of each case. *Lopez v. Chertoff*, 2009 WL 1575214, at *2 (E.D.Cal. June 2, 2009) (citing *Mallinckrodt Chem. Works v. Goldman Sachs & Co.*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973)). "'The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for or what is not.'" *Id.* (quoting *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D.W.Va. 2000)). "The goal of Rule 34 is to ensure that the description of the requested documents be sufficient enough to allow a man of 'ordinary intelligence' to understand what is being requested." *Goodman-Gable-Gould Co., Inc. v. Tiara Condominium Assoc., Inc.*, 2007 WL 9701950, at *5 (S.D.Fla. April 6, 2007) (citing *United States v. National Steel Corporation*, 26 F.R.D. 607, 610 (S.D.Tex. 1960)). These definitions of "reasonable particularity" under Rule 34(b)(1) are applicable to the use of that term in Rule 30(b)(6).

If the noticed party appears for the deposition without having raised an objection or concern about the topic, it is reasonable to infer that the party understands what information is

requested and has adequately prepared its designee to testify about the matter.  Of course, questions may be asked during the deposition that were not reasonably contemplated by the noticed party.  A witness is not required to answer questions that are clearly outside the scope of the designated topics.  On the other hand, if the noticed party "designates a witness it believes in good faith would be able to provide knowledgeable responsive testimony and it becomes apparent during the deposition that the designee produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate an additional knowledgeable deponent." *Great American Ins. Co. of N.Y. v. Vegas Const.*, 251 F.R.D. at 540.  This can also include having the same designee gather additional information and appear again to answer questions on the matter.  Producing a witness who has not adequately prepared for the deposition, however, is tantamount to a failure to appear and is sanctionable under Rule 37(d).  *Continental Cas. Co. v. Compass Bank*, 2006 WL 533510, at *17 (S.D.Ala. March 3, 2006); *Black Horse Lane v. Dow Chemical Corp.*, 228 F.3d 275, 204 (3rd Cir. 2000); *Starlight Int'l v. Herlihy*, 186 F.R.D. 626, 639 (D.Kan. 1999); and *United States v. Taylor*, 166 F.R.D. 256, 363 (M.D.N.C. 1996).

According to Plaintiff, the Rule 30(b)(6) deposition lasted "roughly six hours." *Motion* (ECF No. 38), at 6.  Plaintiff attached as an exhibit portions of the deposition transcript which indicate that the full transcript exceeds 205 pages.  *Id.*, *Exhibit 2, Deposition Transcript*.  Defendants' Rule 30(b)(6) designee, David Tanner, is the manager of the Sam's Club store in which the accident occurred and was a manager of the store on the date of the accident.  Mr. Tanner testified that prior to the deposition he spoke to Defendants' counsel for approximately 30 minutes.  *Deposition Transcript*, at 8:19-9:4.  He looked over the claim and witness statements in preparing for the deposition.  *Id.* at 9:14-21.  He did not attempt to interview former employee, Kristine Cook, who investigated the accident on the day it occurred.  Nor did he read the transcript of her deposition.  *Id.* at 9:22-10:19.  Mr. Tanner did not attempt to

interview former employee Tommy Tu, who pushed the shopping cart(s) that struck the Plaintiff, or former employee Felicia Fikes, who witnessed the accident. Plaintiff's counsel did not ask Mr. Tanner if he read the transcripts of their depositions. It is unknown to the Court whether either person was deposed prior to the Rule 30(b)(6) deposition. Mr. Tanner testified that he did not attempt to interview the Plaintiff or read her deposition. *Id.* at 11:25-12:7. The Court does not hold it against Defendants that Mr. Tanner did not attempt to interview Plaintiff who is the adverse party and is represented by counsel.[1] Adequate preparation for the deposition would have included reviewing Plaintiff's deposition since her testimony is relevant to how the accident occurred and is also relevant to Defendants' assertion that Plaintiff was contributorily or comparatively negligent. In response to Plaintiff's counsel's questions about what documents he reviewed in preparing for the deposition, Mr. Tanner testified: "Going back to the first time you asked me that question, I didn't know I could look at that to prepare." *Id.* at 12:9-11. This indicates that Mr. Tanner was not adequately instructed by Defendants or their counsel as to what he should do to prepare for the deposition.

Deposition topic No. 2 required Defendants to "produce the person most knowledgeable with respect to "[t]he accident involving Plaintiff occurring on or about October 28, 2015."[2] *Opposition* (ECF No. 42), *Exhibit B, Notice of Deposition*. Mr. Tanner's testimony raises substantial doubt that he was adequately prepared testify on this topic. In this regard, *Louisiana Pacific*, 285 F.R.D. at 487 (quoting *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001)), states that a "'30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information

---

[1] Whether Defendants would have been obligated to interview Plaintiff if she had been made available for an interview by her counsel is not an issue before the Court on this motion.

[2] The noticed party is not required to produce the person "most knowledgeable" on a given topic. *QBE Ins. Corp.*, 277 F.R.D. at 688. It is, however, required to produce a person who is adequately prepared and can testify knowledgeably regarding the party's position on the requested subject matter.

6

known or reasonable available to the entity.'" The noticing party is entitled to obtain the entity's position on the subject matter, regardless of whether individual employees or former employees have also testified as to their individual knowledge of the matter.

During the deposition, Plaintiff's counsel asked Mr. Tanner whether Mr. Tu should have been required to undergo further training, or whether there was any training that could prevent this type of incident. Mr. Tanner responded no. He stated that the incident was an "accident," presumably meaning that it is Defendants' position that Mr. Tu did not act negligently. *Deposition*, 89:22-90:25. The deposition excerpts do not otherwise provide information regarding the substance of Mr. Tanner's testimony on this topic.[3]

Plaintiff sets forth on pages 9-16 of her motion the various questions that Mr. Tanner was unable to answer due to his lack of preparation. Plaintiff asked Mr. Tanner if Miss Cook had information related to the incident. He stated that he did not know and that he had not attempted to contact her. Nor did he review her deposition. *Motion* (ECF No. 38), at 9; *Deposition*, at 9:22-10:17. Kristine Cook was the assistant store manager who investigated the accident on behalf of the Defendants. Her knowledge about the incident and the results of her investigation is information that Defendants and Mr. Tanner clearly had a duty obtain, if available, in preparing to testify on Topic No. 2. Likewise, Defendants had a duty to obtain information from former employees Tommy Tu and Felicia Fikes about the facts and circumstances of the accident.[4] Mr. Tanner, however, made no effort to contact them. Mr. Tanner was unable to answer questions regarding the mechanism of injury, i.e., any details of how the accident

---

[3] Defendants' opposition is no more helpful. They assert only that "Mr. Tanner gave hours of knowledgeable testimony regarding the limited topics Plaintiff actually specified in her notice." *Opposition* (ECF No. 42), at 3. It is, however, Plaintiff's burden as the moving party to demonstrate the inadequacy of the witness's answers.

[4] During the hearing on another motion, Defendants' counsel stated that he had interviewed Mr. Tu. It thus appears that Defendants had the ability to obtain information from Mr. Tu to prepare for the deposition.

7

occurred. He did not know if Mr. Tu yelled any warning at the Plaintiff. *Motion* (ECF No. 38), at 14, *Deposition*, at 155:11. This is information that Defendant may have been able to provide if Mr. Tanner had interviewed former employees, Cook, Tu and Fikes, or had reviewed Ms. Cook's deposition.

Plaintiff's attorney asked Mr. Tanner questions about the slope of the floor in the area where the shopping carts are located. *Motion* (ECF No. 38), at 10. Mr. Tanner provided reasonably responsive testimony about the slope of the floor. *Deposition Transcript*, at 66:4-67:10. The fact that Mr. Tanner did not measure the degree of slope prior to the deposition, which was not specifically requested in the deposition notice, does not show that he was not adequately prepared to testify about the area where the accident occurred. Mr. Tanner was a manager of the store at the time of the accident. He appears to be generally competent to testify about the layout or condition of the store premises without having to specially prepare on the subject.

Plaintiff's counsel asked Mr. Tanner questions about the shopping carts, including their dimensions, what they are made of, how much they weigh, and whether the same carts are still in use today, and how many carts fit in a row in the vestibule area. Mr. Tanner did not know the dimensions of the shopping carts or how much they weigh. He believed they were metal, and not aluminum, although he didn't actually know. He did not know if the same carts are in use today, although they are very similar. He could not state how many carts fit into a row because he never counted them. *Motion* (ECF No. 38) at 11. Information about the shopping carts is certainly relevant. The general scope of topic 2, however, did not require Defendants to be prepared to answer specific questions about shopping carts. Mr. Tanner reasonably answered the questions about the shopping carts based on the general knowledge he would have had as the store manager. *Deposition* at pages 81-83.

Plaintiff's counsel asked Mr. Tanner if the store had fewer incidents in the vestibule since it began having a greeter provide carts to the customers. Mr. Tanner testified that he didn't know. *Motion* (ECF No. 38) at 11-12. Mr. Tanner testified that in late 2016 or early 2017, the store began having the greeters "hand out" shopping carts to customers in the vestibule area. He stated that this change was made to add "[m]ore of a personal touch." Customers are also still able to get their own carts. *Deposition*, at 84-86. The deposition notice did not require Defendants to testify on subsequent remedial measures. Therefore, the fact Mr. Tanner did not know whether this change has resulted in fewer accidents does not demonstrate a lack of preparation regarding the listed deposition topics.

Similarly, Plaintiff's counsel asked Mr. Tanner whether "Sam's Club tried any of [these previous suggestions on preventing similar incidents]? *Motion* (ECF No. 38), at 12. The "suggestions" included installing a chain-link fence to separate the carts from the customers, or curving the vestibule. Plaintiff's counsel also stated that he had visited an Ikea store where he observed that shopping carts are placed in a "corral," and customers push a button to release them. Mr. Tanner testified that such measures could possibly reduce accidents. He was not aware of whether Defendants had tried any of them. *Deposition* at 91:22-94:1. The deposition notice did not require Defendants to produce a witness to testify about alternative safety designs. Therefore, Defendants were also not required to prepare the witness to answer such questions.

Topic Nos. 3 and 4 required Defendant to provide testimony regarding the training and supervision of former employees Tommy Tu and Felisha Fikes, and the training and supervision of employees who operate machinery relating to the transport of shopping carts. Defendants apparently provided some training materials, including DVD's, prior to the Rule 30(b)(6) deposition. Plaintiff's counsel asked Mr. Tanner questions about the contents of the DVD's which he was not able to answer. *Motion* (ECF no. 38), at 12-13. Based on the deposition

excerpts, it does not appear that Mr. Tanner reviewed the training DVD's in preparation for the deposition. Although he was able to answer some of the questions, he also stated that he would have to look at the DVD's to respond to other questions. *Deposition*, at 94:3-97:25, 110. Mr. Tanner should have been prepared to answer specific questions about relevant training materials. To the extent that Plaintiff's counsel desires Defendant to answer further questions about the training DVD's, Defendant shall produce a witness who is adequately prepared and knowledgeable about their contents.

Plaintiff's counsel asked Mr. Tanner whether former employees Tommy Tu and Felicia Fikes had received "performance reviews." Mr. Tanner did not know, stating that he would have to look at their files. *Motion* (ECF no. 38), at 12-13; *Deposition*, at 110-113. Plaintiff's counsel also asked whether Mr. Tu was disciplined as a result of the incident. Mr. Tanner did not know. Motion (ECF No. 38), a 15; *Deposition* at 158:19-159:9. Plaintiff argues that an employee's performance and disciplinary records are relevant to his training and supervision. Such information is relevant to employee supervision in a broad sense. A deposition topic that only requires that the noticed party to provide testimony on employee training and supervision, however, is not sufficiently particular to place the party on notice that it should be prepared to testify about employee performance reviews, discipline, and compensation. A party seeking such information should specifically identify it in the notice of deposition. Defendants and Mr. Tanner, therefore, did not fail to adequately prepare for the deposition in regard to these matters.

Plaintiff's counsel also asked Mr. Tanner questions about former employee Kristine Cook. *Motion* (ECF No. 38), at 10; Deposition, at 59:4-6. Ms. Cook was not listed as a deposition topic and Defendant was not required to prepare to answer questions about her employment history, training or supervision. Nor were Defendants required to provide testimony

about the bonuses paid to Mr. Tu's direct supervisor. *Motion* (ECF No. 38), at 15; *Deposition*, at 178:21-179:2.

Plaintiff's counsel asked Mr. Tanner questions about the written incident report and the preparation of witness statements, and the information contained on those forms. Mr. Tanner adequately answered most of the questions. *Deposition*, at 122:14-124:25. Plaintiff's counsel asked Mr. Tanner what the term "section code" means. He did not know. *Id.* at 124:24-125:4. Mr. Tanner also did not know what "project store number" means. *Id.* at 126:19-22. Mr. Tanner's lack of knowledge on these items is not sanctionable misconduct. Plaintiff can, however, require Defendant to provide this information at the follow-up deposition of Defendants' Rule 30(b)(6) deponent. Plaintiff's counsel asked Mr. Tanner why there was no written statement by the store greeter who was working that day. He did not know. *Motion* (ECF No. 38), at 14; *Deposition*, at 135:25-136:4. It is debatable whether Mr. Tanner should have been prepared to answer this question or whether it can be answered. If Defendants have information to explain why the greeter did not prepare a written statement, however, they should provide it at the follow-up Rule 30(b)(6) deposition.

Plaintiff's counsel asked Mr. Tanner about the meeting that involved a review of Plaintiff's incident and who specifically was at that meeting. Mr. Tanner stated: "I don't recall 2015." He stated that he was present at the meeting, but does not recall who else was present. *Motion* (ECF No. 38), at 15-16; *Deposition*, at 203:13-204:2. The post-accident review meeting is reasonably within the scope of Topic 2. Mr. Tanner testified that no notes were made regarding the meeting. It is therefore unclear what documents or information he could review to answer questions about who was at the meeting or what was specifically discussed. However, to the extent that Defendants have such information, the witness should be prepared to testify about it at the follow-up Rule 30(b)(6) deposition.

Because it does not appear that Mr. Tanner was adequately prepared to testify about the accident, or about aspects of the training provided to Mr. Tu, the Court will order that Defendants produce a witness who has reviewed the relevant evidence or information in Defendants' possession or which is reasonable accessible to them.  This includes reviewing written or recorded statements and deposition testimony by Defendants' employees.  It also includes interviewing employees or former employees who have relevant knowledge to the extent the information has not otherwise been fully obtained.  It also includes the deposition of Plaintiff to the extent that it bears on Defendants' position regarding the facts and circumstances of the accident.  The witness should also be prepared to knowledgeably testify about employee training materials produced by Defendants.

As stated above, producing a Rule 30(b)(6) witness who is not adequately prepared to testify on the topics listed in the deposition notice, is sanctionable under Rule 37(d).   Rule 37(d)(3) states that sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)- (vi).  "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  If Plaintiff had demanded that Defendants produce a witness who was adequately prepared to testify on the topics set forth in the deposition notice, and Defendants had refused to do so, the Court would have no hesitation in ordering the Defendants to pay Plaintiff's expenses, including reasonable attorney's fees, in obtaining Defendants' compliance with their obligations under Rule 30(b)(6).  In his May 23, 2018 email to Defendants' counsel and in his motion to compel, however, Plaintiff demanded that Defendants produce a witness to testify on matters that were beyond the scope of the topics listed in the notice of deposition.  Based on these circumstances, the Court concludes that an award of expenses would not be

justified because of the possibility that Defendant might have complied with a demand to produce a properly prepared deponent if it was limited to the actual deposition topics on which the witness was not adequately prepared. Plaintiff should not be granted fees and costs on a motion that sought significantly greater relief than she was entitled to receive.

Plaintiff also requests an award of monetary sanction based on Defendants' failure to produce a witness to testify on topics 5-6 at the May 22, 2018 deposition. A party is not excused from appearing for a properly noticed deposition merely by filing a motion for protective order. Absent an order staying the deposition, the deponent is required to appear and testify. *Nationstar Mortgage v. Flamingo Trails No. 7*, 316 F.R.D. 327, 336-37 (D.Nev. 2016). As fully discussed in the briefs, declarations and exhibits on Defendants' Motion for Protective Order (ECF No. 25), the parties had been engaged in a dispute regarding topics 5-6 since early March 2018 when Plaintiff initially noticed the Rule 30(b)(6) deposition on those topics. Defendants' counsel had made clear their intention to seek a protective order if Plaintiff pursued those topics. The deposition was noticed, taken off and then re-noticed by Plaintiff on May 10, 2018. Defendants filed their motion for protective order on May 18, 2018. The filing of that motion was not a last-minute surprise to Plaintiff. The deposition went forward on the other topics on May 22, 2018.

. . .

. . .

. . .

. . .

. . .

. . .

13

Based on these circumstances, the Court finds that an award of sanction for Defendants failure to produce a witness prepared to testify on topics 5 and 6 on May 22, 2018 is not justified. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions Including Attorney's Fees and Costs and Request for Additional Deposition (ECF No. 38) is **granted**, in part, and **denied**, in part as follows:  Defendants are required to produce an adequately prepared and knowledgeable witness to testify on topics 1-4 of the notice of deposition pursuant to Fed.R.Civ.P. 30(b)(6).  Plaintiff's request for monetary sanctions or other sanctions is denied.

DATED this 28th day of August, 2018.

_____
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**