UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONNA CARLSON,<br><br>                         Plaintiffs,<br>v.<br><br>SAM'S WEST, INC., *et al.*,<br><br>                         Defendants. | Case No. 2:17-cv-02882-MMD-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Amended Memorandum of Attorney Fees and Costs (ECF No. 77), filed on August 3, 2018. Defendant filed its Opposition (ECF No. 80) on February 1, 2018. No reply has been filed.

**BACKGROUND**

This case arises from an alleged injury sustained by Plaintiff. Specifically, the Complaint (ECF No. 1-1) alleges Plaintiff was struck form behind by shopping carts being pushed by a motorized cart system on Defendants' premises. ECF No. 1-1 at 5. On November 21, 2018, Plaintiff filed her Motion to Strike Defendants' Supplemental Expert Reports. *See* ECF No. 63. On December 6, 2018, Defendant filed its Opposition and on December 13, 2018, Plaintiff filed her Reply (ECF No. 70). The Court conducted a hearing on December 28, 2018. Based on the findings set forth on the record, the Court granted, in part, and denied, in part, Plaintiff's Motion to Strike. *See* ECF No. 71. The Court denied Plaintiff's request to strike Defendants supplemental expert report. However, the Court awarded Plaintiff reasonable costs and attorney's fees incurred in preparing and filing her motion. *Id.* The Court instructed Plaintiff to file her application for attorney's fees by January 11, 2019 with Defendant's response due January 25, 2019.

1

Plaintiff filed her memorandum of attorney's fees and costs on January 17, 2019. ECF No. 73. On January 18, 2019 the Court entered an order directing Plaintiff to file an amended memorandum by January 25, 2019, with Defendant's response now due February 1, 2019.

**DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests attorney's fees in the amount of $5,605.20 for work performed in preparing her motion to strike. The amount is based on work performed by Christopher S. Mishler, Esq., at an hourly rate of $350.00 and Eunice M. Beattie, Esq., at an hourly rate of $375.00. Defendant's argue Plaintiff's request for fees should be limited because her memorandum was not only untimely but the fees were unreasonable.

After reviewing Plaintiff's counsel's affidavit, the Court finds that Plaintiff's counsel has provided sufficient evidence showing that their hourly rate is reasonable. However, after reviewing her itemized billing entries, the Court finds that the 16.75 hours of attorney labor is excessive. The Court finds that the hours involved in preparing Plaintiff's motion to strike and for

labor related to such motion should take no more than 13.5 hours of attorney labor. As a result, the Court will award reasonable attorney's fees to Plaintiff in the amount of $4,850.00. Accordingly,

**IT IS HEREBY ORDERED** that Defendant must pay the amount of $4,850.00 to Plaintiff.

**IT IS FURTHER ORDERED** that Defendant is to make the payment to Plaintiff by **March 15, 2019** unless an objection is filed.

DATED this 22nd day of February, 2019.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge